(June 15, 1967)

SOPHIA E. KUNST et al., Respondents, v. NEW YORK WORLD TELEGRAM CORPORATION, Appellant.

Concur —

Eager, Capozzoli, McNally and Bastow, JJ.; Stevens, J. P., dissents in the following memorandum: I dissent and vote to reverse and dismiss the complaint, with costs. This libel action arises out of an article and picture of the then Representative John V. Lindsay (now Mayor of the City of New York) which appeared in defendant's newspaper on July 22, 1965. In the first cause of action, brought on behalf of the corporate plaintiff, plaintiff complains that the story was published in a misleading manner so as to impute to plaintiff corporation and its officers ownership of a vacant lot adjoining a tenement building owned by plaintiff, and responsibility for the filthy condition of such lot. The second cause of action, on behalf of the individual plaintiff, president of the corporate plaintiff, refers to dead rats and filth found in the adjoining lot, and charges an inference that the rats found came from the adjoining building owned by plaintiffs. It is then averred " No where in the article was stated who the owners of the vacant lot were thus giving the impression to the readers that the plaintiff was one of the owners of the vacant lot." Examination of the article reveals that in response to a question from Lindsay addressed to the superintendent of plaintiffs' building, one Willis, " Who is the owner of this ? " (clearly a reference to the lot) Willis replied " Nobody knows  *  *  *  I have been trying to find out for a long time." It is true this appears near the end of the article, but the article is to be taken as a whole and read in its entirety, " and its meaning gleaned not from isolated portions thereof but rather from the entire article and the apparent object of the writer" (*Gambuzza* v. *Time, Inc.,* 18 A D 2d 351, 354). The object here is to give information on a subject of public interest and concern. The article expressly points out that ownership of the lot is unknown. A statement to that effect is quoted from plaintiffs' employee, Willis. Such statement negatives any imputation of ownership of the lot in the corporate platintiff. The individual plaintiff is first referred to in the article as a listed owner of the building, and thereafter as an addressee of the listed corporate owner of the building. The plaintiff does not question the accuracy of the references. As to the corporate plaintiff, there is no showing that the publication prejudiced it in the conduct of its business or deterred third persons from dealing with it (Restatement, Torts, § 561, subd. 1). A general statement that it was caused to sell " certain of its property" at a stated loss, and compelled to secure new insurance at a stated greater cost does not meet the required test. The descriptive terms applied to the individual plaintiff as they appear in the article, when read as a whole, cannot fairly be said to hold plaintiff up to ridicule and scorn, or to so lower her in the estimation of others that they would be deterred from associating or dealing with her (see Restatement, Torts, § 559). Nor can it be said the words " touch " or reflect upon plaintiff's competency as president of the corporate owner (see 1 Harper & James, Torts, § 5.12). Read " in fair context and considered in its total impact "

(*Berkson* v. *Time, Inc.*, 8 A D 2d 352, affd. 7 N Y 2d 1007) the article is not libelous per se. The public has a right to be informed on matters of general public interest and even to fair comment thereon (cf. *Julian* v. *American Business Consultants*, 2 N Y 2d 1). Whether such comment would serve as a defense may appear from the pleadings (*Julian* v. *American Business Consultants, supra,* p. 8). There is nothing here to show malice or evil intent, or that the facts were not correctly reported. Mere juxtaposition of lot and building in reporting the correct geographical location in situs does not constitute libel. The article is not reasonably susceptible to the meaning plaintiffs seek to ascribe to it. The order appealed from should be reversed and the complaint dismissed.